# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GABRIELA AGUILAR GARZA,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 5:16=cv-00974** |
| | § | |
| **STATE FARM LLOYDS, DUSTIN** | § | |
| **GRIFFIN AND MARTY OTTERSEN,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

---

**INDEX OF STATE COURT PAPERS IN CAUSE NO.  2016CI14666**

---

1.   Bexar County Court Records Search for Case #2016C114666 and Case History

2.   Plaintiffs' Original Petition with Exhibits A and B

3.   Civil Case Information Sheet

4.   United States Postal Service Return Receipt—Marty Ottersen

5.   Return and Affidavit of Service - State Farm Lloyds

6.   United States Postal Service Tracking—Citation to State Farm Lloyds

7.   Signed United States Postal Service Return Receipt—State Farm Lloyds

8.   Citation for Dustin Griffin

9.   Signed United States Postal Service Return Receipt—Dustin Griffin

10.  United States Postal Service Tracking—Citation to Dustin Griffin

11.  Return and Affidavit of Service—Dustin Griffin

12.  United States Postal Service Return Receipt—Marty Ottersen

13.  Citation for Marty Ottersen

14.  Return and Affidavit of Service—Marty Ottersen

15.     United States Postal Service Tracking—Citation to Marty Ottersen

16.     Signed United States Postal Service Return Receipt—Marty Ottersen

17.     Original Answer and Request for Jury Trial by Defendants State Farm Lloyds, Dustin Griffin and Marty Ottersen

Detail Information Lookup



GERARD C. RICKHOFF                              DONNA KAY M<sup>c</sup>KINNEY

## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2016CI14666

**Name** : GABRIELA AGUILAR AGUILAR

**Date Filed** : 08/30/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 407

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : GABRIELA A GARZA

**Style (2)** : vs STATE FARM LLOYDS ET AL

9/29/2016                                    Detail Information Lookup

| Sequence | Date Filed | Description |
| --- | --- | --- |

# Case History

*Currently viewing 1 through 8 of 8 records*

| Sequence | Date Filed | Description |
| --- | --- | --- |
| P00005 | 9/27/2016 | ORIGINAL ANSWER OF<br>STATE FARM LLOYDS DUSTIN GRIFFIN AND MAR<br>TY OTTERSON AND JURY DEMAND |
| P00004 | 9/27/2016 | JURY DEMAND JURY FEE PAID |
| S00003 | 8/30/2016 | CITATION<br>MARTY OTTERSEN<br>ISSUED: 8/30/2016 RECEIVED: 9/1/2016<br>EXECUTED: 9/6/2016 RETURNED: 9/16/2016 |
| S00002 | 8/30/2016 | CITATION<br>DUSTIN GRIFFIN<br>ISSUED: 8/30/2016 RECEIVED: 9/1/2016<br>EXECUTED: 9/3/2016 RETURNED: 9/16/2016 |
| S00001 | 8/30/2016 | CITATION<br>STATE FARM LLOYDS<br>ISSUED: 8/30/2016 RECEIVED: 9/1/2016<br>EXECUTED: 9/6/2016 RETURNED: 9/16/2016 |
| P00003 | 8/30/2016 | SERVICE ASSIGNED TO CLERK 3 |
| P00002 | 8/30/2016 | PETITION |
| P00001 | 8/30/2016 | JURY DEMAND JURY FEE PAID |

FILED
8/30/2016 8:52:34 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

3CITSPPS W/JD SAC3

CAUSE NO. **2016CI14666**

| | | |
|---|---|---|
| GABRIELA AGUILAR GARZA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | **407** JUDICIAL COURT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| DUSTIN GRIFFIN, AND | § | |
| MARTY OTTERSEN | § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Gabriela Aguilar Garza, hereinafter referred to as "Plaintiff," complaining of Defendants, State Farm Lloyds, Dustin Griffin and Marty Ottersen (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Gabriela Aguilar Garza, is an individual and resident of Texas.

Defendant, State Farm Lloyds ("State Farm"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of State Farm's "members" are citizens of Texas. It can  be served with citation by serving its

registered agent, the Corporation Service Company, by certified mail, return receipt requested, at 211 East 7th Street, Suite 620,  Austin, TX  78701.

Defendant, Dustin Griffin ("Griffin"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 529 County Road 339, La Vernia, TX 78121, or wherever else he may be found.

Defendant, Marty Ottersen ("Ottersen"), is a citizen of Michigan who can be served with process by certified mail, return receipt requested, at 653 Holly Pt., Fenton, MI 48430, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Bexar County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Bexar County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

Page 2 of 21

## V. FACTS

A.    Plaintiff is the owner of insurance Policy Number 90-CK-X163-8 issued by Defendant State Farm (hereinafter referred to as the "Policy").

B.    Plaintiff owned the insured property, which is specifically located at 914 Lightstone Dr., San Antonio, Bexar County, Texas 78258 on April 18, 2016 (hereinafter referred to as the "Property").

C.    Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.    On or about April 18, 2016, a wind and hailstorm struck the San Antonio, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.    Plaintiff submitted a claim to State Farm against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm.  Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.    Defendants have assigned claim number 53-8L24-546 to Plaintiff's claim.

G.    Defendants Griffin and Ottersen were the agents for State Farm and represented State Farm in regard to Plaintiff's claim. Griffin and Ottersen also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim.  As such, Griffin and Ottersen acted as an insurance adjusters engaged in the business of insurance with respect to the Plaintiff's insurance claim.  Therefore, Griffin and Ottersen are   "persons" who are individually liable for their unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the

DTPA.   Furthermore, Griffin and Ottersen acted as the agents and representatives for State Farm in this claim.

H.   Defendants Griffin and Ottersen improperly adjusted the Plaintiff's claim.   Defendants Griffin and Ottersen conducted a substandard inspection, which are evidenced in their reports, which failed to include many of Plaintiff's damages.[1]  Their estimates did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Griffin and Ottersen misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2]  Griffin and Ottersen made these and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and State Farm both relied on Griffin's and Ottersen's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance.  Griffin's and Ottersen's misrepresentations caused State Farm to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property.  This has caused additional, further damage to Plaintiff's property. Griffin and Ottersen also advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property.[3]  This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Griffin's and Ottersen's advice.  Plaintiff's Property has sustained further damages as a result.

---

[1] *See Plaintiff's Exhibits "A" and "B": Defendant Griffin's Adjustment Report dated May 19, 2016 and Defendant Ottersen's Denial Letter dated May 24, 2016.*
[2] *Id.*
[3] *Id.*

I.      Defendants State Farm and Griffin misrepresented that the damages caused by the wind and hailstorm were below the policy deductible.[4]  However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $28,000.00 and were caused by a covered occurrence.

J.      Defendants State Farm and Ottersen misrepresented that the damages caused by the wind and hailstorm were under the policy deductible.[5]  However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $28,000.00 and were caused by a covered occurrence.

K.      Defendants State Farm, Griffin and Ottersen failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

L.      These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

M.      Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

N.      Defendant  State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

---

[4] *Id.*
[5] *Id.*

O.  Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

P.  Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

Q.  Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

R.  Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

S.  Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS.

CODE Section 541.060 (a)(7).

T.     Defendants failed to meet their obligations under the Texas Insurance Code regarding timely

acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and

requesting all information reasonably necessary to investigate Plaintiff's claim within the

statutorily mandated deadline.   Defendants' conduct constitutes violation of the Texas

Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

U.     Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory

mandated deadline of receiving all necessary information.  Defendants' conduct constitutes

violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE

Section 542.056.

V.     Defendants failed to meet their obligations under the Texas Insurance Code regarding

payment of claim without delay.  Specifically, Defendants have delayed full payment of

Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment

for her claim.  Defendants' conduct constitutes violation of the Texas Insurance Code,

Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

W.    From and after the time Plaintiff's claim was presented to Defendants, the liability of

Defendants to pay the full claim in accordance with the terms of the Policy was reasonably

clear.  However, Defendants have refused to pay Plaintiff in full, despite there being no

basis whatsoever on which a reasonable insurance company would have relied to deny the

full payment.  Defendants' conduct constitutes a breach of the common law duty of good

faith and fair dealing.

X.      As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

Y.      Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against State Farm

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm.  As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against State Farm, Griffin and Ottersen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against State Farm, Griffin and Ottersen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in

the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition.  All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices Against State Farm, Griffin and Ottersen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code.  Plaintiff has satisfied all conditions precedent to bringing this cause of action.  By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment,

and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.  Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

E.    **Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against State Farm, Griffin and Ottersen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  By their acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

F.  **Cause of Action for Fraud Against State Farm, Griffin and Ottersen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff.  These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to her detriment.  The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into

purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G.   Cause of Action for Conspiracy Against State Farm, Griffin and Ottersen

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive

insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that she purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

## H.  Cause of Action for Aiding and Abetting Against State Farm, Griffin and Ottersen

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1.  Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing.  The other Defendant(s) had knowledge that the primary actor's

conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a

breach of duty to the Plaintiff. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I. Cause of Action for Negligence and Gross Negligence Against Griffin and Ottersen

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendants Griffin and Ottersen were negligent in giving advice to Plaintiff as to how she could repair she Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair her Property and prevent future damage by following Griffin's and Ottersen's advice. Plaintiff's Property has sustained further damages as a result. Griffin and Ottersen owed a duty to use reasonable care when he undertook to advise the Plaintiffs as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. Defendants

Griffin and Ottersen breached this legal duty.  The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendants Griffin and Ottersen.

**J. Cause of Action for Negligent Misrepresentation Against Griffin and Ottersen**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendants Griffin and Ottersen constitute negligent misrepresentations that have caused damages to Plaintiff.  Griffin and Ottersen made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendants had an interest.  The Defendants supplied false information for the guidance of others, including Plaintiff. The Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff.  Plaintiff justifiably relied upon such representations, and the Defendants' negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants Griffin and Ottersen.

Plaintiff seeks herein, as a result of Defendants' negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental

anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiffs asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: *Jake Rogiers/w Pen*
JAKE ROGIERS
Texas State Bar No. 24069066
jake@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

Page 21 of 21

AGUILAR, GABRIELA

53-8L24-546



**State Farm**
**P.O. Box 106169**
**Atlanta, GA  30348-6169**
**Phone: 1-866-787-8676**
**Fax: 1-844-236-3646**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.



Date:   5/19/2016 2:41 PM

132214.1  06-18-2009      Page: 1

53-8L24-546

## StateFarm    **Building Estimate Summary Guide**

**This summary guide is based on a sample estimate and is provided for reference only.
Please refer to the estimate for specifics of your claim.**

### State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ |
| | | | Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | |
|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 |
| Less Non - recoverable Depreciation (Including Taxes) [7] | |
| Subtotal | 312.50 |
| General Contractor O&P on Depreciation | 166.50 |
| Less General Contractor O&P on Non - recoverable Depreciation | |
| Subtotal | |
| Total Maximum Additional Amounts Available If Incurred [8] | |
| Total Amount of Claim If Incurred [9] | |

Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total –** Total value of all line items in the estimate plus possible adjustments for *labor minimums*. *Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit –** General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV) –** Estimated cost to repair or replace damaged property.

4. **Depreciation –** The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible –** The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV) –** The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation –** *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred –** Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred –** Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

# State Farm

AGUILAR, GABRIELA                                                          53-8L24-546

| | | | |
|---|---|---|---|
| Insured: | AGUILAR, GABRIELA | Estimate: | 53-8L24-546 |
| Property: | 914 Lightstone Dr | Claim Number: | 538L24546 |
| | San Antonio, TX 78258-2312 | Policy Number: | 90-CK-X163-8 |
| Cellular: | 210-262-6266 | Price List: | TXSA28_APR16 |
| Type of Loss: | Hail | | Restoration/Service/Remodel |
| Deductible: | $6,300.00 | | |
| Date of Loss: | 4/18/2016 | | |
| Date Inspected: | 5/5/2016 | | |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 2,136.63 |
| Material Sales Tax | 34.10 |
| *Replacement Cost Value* | 2,170.73 |
| Less Depreciation (Including Taxes) | (418.52) |
| Less Deductible | (6,300.00) |
| Actual Cash Value Total | (4,547.79) |
| Net Actual Cash Value Payment | $0.00 |

## Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 418.52 | |
| Less Actual Cash Value Total | (4,547.79) | |
| Subtotal | (4,129.27) | |
| Replacement Cost Benefits | | -4,129.27 |
| Total Maximum Additional Amount Available If Incurred | | 0.00 |
| Total Amount of Claim If Incurred | | $0.00 |

Griffin, Dustin
866-787-8676 x 2922

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

AGUILAR, GABRIELA

### State Farm

53-8L24-546

### Upper Level

### Upper Bathroom



**Toilet Rm**                                                                                                  **Height: 8'**

132.99 SF Walls
149.28 SF Walls & Ceiling
16.62 LF Ceil. Perimeter

16.29 SF Ceiling
16.29 SF Floor
16.62 LF Floor Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 1. R&R 1/2" drywall - hung, taped, floated, ready for paint | | | | | | | |
| | 48.29 SF | 1.88 | 1.51 | 92.29 | | | 92.29 |
| Entire ceiling and 32 sf of wall area | | | | | | | |
| 2. Texture drywall - light hand texture | | | | | | | |
| | 48.29 SF | 0.44 | 0.16 | 21.41 | | | 21.41 |
| 3. Seal/prime then paint more than the ceiling (2 coats) | | | | | | | |
| | 782.04 SF | 0.72 | 9.68 | 572.75 | | | 572.75 |
| 4. Paint the walls and ceiling - one coat | | | | | | | |
| | 149.28 SF | 0.49 | 1.35 | 74.50 | 2/15 yrs Avg. | (9.93) 13.33% | 64.57 |
| 5. Detach & Reset Light fixture | | | | | | | |
| | 1.00 EA | 41.85 | 0.00 | 41.85 | | | 41.85 |
| Detach and reset due to ceiling being removed. | | | | | | | |
| 6. R&R Blown-in insulation - 10" depth - R26 | | | | | | | |
| | 16.29 SF | 1.23 | 0.65 | 20.69 | | | 20.69 |
| **Totals: Toilet Rm** | | | **13.35** | **823.49** | | **9.93** | **813.56** |

**Bathroom Main Area**                                                                                         **Height: 8'**

377.33 SF Walls
488.50 SF Walls & Ceiling
47.17 LF Ceil. Perimeter

111.17 SF Ceiling
111.17 SF Floor
47.17 LF Floor Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| No accidental direct physical loss to this area | | | | | | | |
| **Totals: Bathroom Main Area** | | | **0.00** | **0.00** | | **0.00** | **0.00** |

**State Farm**

AGUILAR, GABRIELA

53-8L24-546



**Closet**

Height: 8'

| | |
|---|---|
| 270.25 SF Walls | 60.87 SF Ceiling |
| 331.12 SF Walls & Ceiling | 60.87 SF Floor |
| 33.78 LF Ceil. Perimeter | 33.78 LF Floor Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| No accidental direct physical loss to this area | | | | | | | |
| **Totals: Closet** | | | 0.00 | 0.00 | | 0.00 | 0.00 |

Area Totals: Upper Bathroom

| | | |
|---|---|---|
| 780.57 SF Walls | 188.33 SF Ceiling | 968.90 SF Walls and Ceiling |
| 188.33 SF Floor | 215.44 Total Area | 97.57 LF Floor Perimeter |
| 188.33 Floor Area | 63.78 Exterior Perimeter of Walls | 97.57 LF Ceil. Perimeter |
| 574.04 Exterior Wall Area | | 780.57 Interior Wall Area |

| | TAX | RCV | DEPREC. DEP % | ACV |
|---|---|---|---|---|
| **Total: Upper Bathroom** | 13.35 | 823.49 | 9.93 | 813.56 |

**Roofing**



**House Roof**

| | |
|---|---|
| 1,620.57 Surface Area | 16.21 Number of Squares |
| 165.91 Total Perimeter Length | 41.11 Total Ridge Length |
| 59.46 Total Hip Length | |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 7. R&R Roof vent - turbine type | | | | | | | |
| | 2.00 EA | 99.49 | 9.49 | 208.47 | 29/35 yrs Avg. | (166.77) 80.00% | 41.70 |
| Turbine vents appear to pre-date roof surface | | | | | | | |
| **Totals: House Roof** | | | 9.49 | 208.47 | | 166.77 | 41.70 |

Date:   5/19/2016 2:41 PM

Page: 5

## State Farm

AGUILAR, GABRIELA

53-8L24-546

**Garage Roof**



| | |
|---|---|
| 939.33 Surface Area | 9.39 Number of Squares |
| 149.06 Total Perimeter Length | 30.44 Total Ridge Length |
| 72.09 Total Hip Length | |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 8. Remove Laminated - comp. shingle rfg (per SHINGLE) | | | | | | | |
| | 1.00 EA | 4.20 | 0.00 | 4.20 | | | 4.20 |
| Garage valley on left slope rear side of breezeway | | | | | | | |
| 9. Laminated - comp. shingle rfg (per SHINGLE) | | | | | | | |
| | 1.00 EA | 10.09 | 0.14 | 10.23 | | | 10.23 |
| 10. R&R Roof vent - turbine type | | | | | | | |
| | 1.00 EA | 99.49 | 4.74 | 104.23 | 29/35 yrs Avg. | (83.39) 80.00% | 20.84 |
| *Turbine vents appear to pre-date roof surface* | | | | | | | |
| **Totals: Garage Roof** | | | **4.88** | **118.66** | | **83.39** | **35.27** |

Area Totals: Roofing

| | | |
|---|---|---|
| 616.92 Exterior Wall Area | | |
| 2,559.90 Surface Area | 25.60 Number of Squares | 629.94 Total Perimeter Length |
| 71.54 Total Ridge Length | 131.56 Total Hip Length | |

| | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|
| **Total: Roofing** | **14.37** | **327.13** | **250.16** | **76.97** |

Area Totals: Upper Level

| | | |
|---|---|---|
| 780.57 SF Walls | 188.33 SF Ceiling | 968.90 SF Walls and Ceiling |
| 188.33 SF Floor | 215.44 Total Area | 97.57 LF Floor Perimeter |
| 188.33 Floor Area | 63.78 Exterior Perimeter of Walls | 97.57 LF Ceil. Perimeter |
| 1,190.95 Exterior Wall Area | | 780.57 Interior Wall Area |
| 2,559.90 Surface Area | 25.60 Number of Squares | 629.94 Total Perimeter Length |
| 71.54 Total Ridge Length | 131.56 Total Hip Length | |

| | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|
| **Total: Upper Level** | **27.72** | **1,150.62** | **260.09** | **890.53** |

**Front Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|

**State Farm**

AGUILAR, GABRIELA

53-8L24-546

**CONTINUED - Front Elevation**

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 11.  R&R Gutter / downspout - aluminum - up to 5" | | | | | | | |
| | 16.00 LF | 5.15 | 2.56 | 84.96 | 29/25 yrs Avg. | (67.97) 80.00% | 16.99 |
| Center and center left gutter | | | | | | | |
| 12.  R&R Gutter / downspout - aluminum - up to 5" | | | | | | | |
| | 20.00 LF | 5.15 | 3.20 | 106.20 | 29/25 yrs Avg. | (84.96) 80.00% | 21.24 |
| Center downspout to the right of the front entry door | | | | | | | |
| 13.  Prime & paint gutter / downspout | | | | | | | |
| | 36.00 LF | 1.13 | 0.62 | 41.30 | 2/15 yrs Avg. | (5.50) 13.33% | 35.80 |
| **Totals:  Front Elevation** | | | **6.38** | **232.46** | | **158.43** | **74.03** |

**Right Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| No accidental direct physical damage to this elevation | | | | | | | |
| **Totals:  Right Elevation** | | | **0.00** | **0.00** | | **0.00** | **0.00** |

**Left Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| No accidental direct physical damage to this elevation | | | | | | | |
| **Totals:  Left Elevation** | | | **0.00** | **0.00** | | **0.00** | **0.00** |

## State Farm

AGUILAR, GABRIELA

53-8L24-546

### Rear Elevation

0.00 SF Walls
0.00 SF Floor
0.00 SF Long Wall

0.00 SF Ceiling
0.00 SF Short Wall

0.00 SF Walls & Ceiling
0.00 LF Floor Perimeter
0.00 LF Ceil. Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| No accidental direct physical damage to this elevation | | | | | | | |
| **Totals: Rear Elevation** | | | **0.00** | **0.00** | | **0.00** | **0.00** |

### Debris Removal

0.00 SF Walls
0.00 SF Floor
0.00 SF Long Wall

0.00 SF Ceiling
0.00 SF Short Wall

0.00 SF Walls & Ceiling
0.00 LF Floor Perimeter
0.00 LF Ceil. Perimeter

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| 14. Haul debris - per pickup truck load - including dump fees | | | | | | | |
| | 1.00 EA | 107.83 | 0.00 | 107.83 | | | 107.83 |
| **Totals: Debris Removal** | | | **0.00** | **107.83** | | **0.00** | **107.83** |

### Labor Minimums Applied

| | QUANTITY | UNIT PRICE | TAX | RCV | AGE/LIFE CONDITION | DEPREC. DEP % | ACV |
|---|---|---|---|---|---|---|---|
| * 15. Roofing labor minimum | | | | | | | |
| | 1.00 EA | 211.72 | 0.00 | 211.72 | | | 211.72 |
| * 16. Gutter labor minimum | | | | | | | |
| | 1.00 EA | 100.59 | 0.00 | 100.59 | | | 100.59 |
| * 17. Drywall labor minimum | | | | | | | |
| | 1.00 EA | 196.85 | 0.00 | 196.85 | | | 196.85 |
| * 18. Electrical labor minimum | | | | | | | |
| | 1.00 EA | 170.66 | 0.00 | 170.66 | | | 170.66 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **679.82** | | **0.00** | **679.82** |
| **Line Item Totals: 53-8L24-546** | | | **34.10** | **2,170.73** | | **418.52** | **1,752.21** |

**State Farm**

AGUILAR, GABRIELA

53-8L24-546

## Grand Total Areas:

|  |  |  |
|---|---|---|
| 780.57 SF Walls | 188.33 SF Ceiling | 968.90 SF Walls and Ceiling |
| 188.33 SF Floor |  | 97.57 LF Floor Perimeter |
|  |  | 97.57 LF Ceil. Perimeter |
|  |  |  |
| 188.33 Floor Area | 215.44 Total Area | 780.57 Interior Wall Area |
| 1,190.95 Exterior Wall Area | 63.78 Exterior Perimeter of Walls |  |
|  |  |  |
| 2,559.90 Surface Area | 25.60 Number of Squares | 629.94 Total Perimeter Length |
| 71.54 Total Ridge Length | 131.56 Total Hip Length |  |

Roofing

Page: 12

N ⇧



Upper Level - Roofing



May 24, 2016

GABRIELA AGUILAR
18014 BRANSON FALLS
SAN ANTONIO TX  78255-3326

State Farm Insurance Companies
Fire Claims
PO Box 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

RE:   Claim Number:    53-8L24-546
      Policy Number:   90-CK-X163-8
      Loss Location:   914 Lightstone Dr.
                       San Antonio, TX
      Policy Type:     Rental Dwelling Policy
      Date of Loss:    April 18, 2016

Dear Ms. Aguilar:

Thank you for meeting with me on May 18, 2016, when we discussed the damage to your property.

State Farm agrees there is covered damage caused by hail to the areas which we have itemized in our estimate.  Please note the claim adjustment for these covered damages reflects the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

| | |
|---|---|
| State Farm Estimate | $2,170.73 |
| Less Depreciation | $418.52 |
| Less Deductible | $6,300.00 |
| **Total Payable** | $0 |

Since the loss is less than your $6,300.00 deductible no payment can be made at this time.  If you receive estimates related to this loss that exceed your deductible please promptly forward these for our review prior to repairing or replacing the property.

As we discussed, our inspection on May 18, 2016, revealed no wind or hail damage to your roof shingles.  The damage identified to the roof shingles on the two story portion of your home is other than wind or hail damage.  The damage to the shingles was a result of nailing the tarp through the shingles.  The Rental Dwelling Policy provides coverage for accidental direct physical loss.  Investigating for coverage under a vandalism loss will require a submission of a new claim.

The following policy language is applicable:
**SECTION I - LOSSES INSURED**

*Providing Insurance and Financial Services*



EXHIBIT
B

*Home Office, Bloomington, IL*

GABRIELA AGUILAR
53-8L24-546
Page 2

## COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

We stand ready to assist if you choose to pursue a vandalism claim.  As discussed on May 19, 2016, the estimated cost to replace your second story roof shingles is $5,185.91.

This Company does not intend, by this letter, to waive any policy defenses in addition to those stated above, and reserves its right to assert such additional policy defenses at any time.

## FE-8263.2 AMENDATORY ENDORSEMENT (Texas)

### SECTION I – CONDITIONS

**Suit Against Us** is replaced with the following:

**Suit Against Us.** No suit or action can be brought unless:

a.  there has been compliance with the policy provisions; and

b.  except as provided in item c. below, suit or action brought against us is started within two years and one day after the cause of action accrues;

c.  with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against us is started within the earlier of:

(1) two years from the date we accept or reject the claim; or

(2) three years from the date of the loss that is the subject of the claim.

Because we value you as a policyholder and appreciate your business, we want to ensure you understand the coverage decision.

If you have any additional information regarding your claim which has not been previously considered, or if you desire additional explanation regarding this matter, please contact Claim Representative, Marty Ottersen at 866 787 8676 extension 11476.

Sincerely,

Marty R Ottersen
Independent Adjuster
866 787 8676ext 11476
E-mail statefarmfireclaims@statefarm.com
State Farm Fire and Casualty Company

Enclosure:    State Farm Estimate and copy of Contractor Estimate/Invoice

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED Gabriela Aguilar Garza v. State Farm Lloyds, Dustin Griffin and Marty Ottersen
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Todd A. Worrich<br><br>Address:<br>1350 North Loop 1604 East<br>Suite 104<br><br>City/State/Zip:<br>San Antonio, TX 78232<br><br>Signature:<br>*Todd Worrich* | Email:<br>todd@speightsfirm.com<br><br>Telephone:<br>210-495-6789<br><br>Fax:<br>210-495-6790<br><br>State Bar No:<br>24037740 | Plaintiff(s)/Petitioner(s):<br>Gabriela Aguilar Garza<br><br>_____<br><br>Defendant(s)/Respondent(s):<br>State Farm Lloyds, Dustin Griffin and Mary Ottersen<br><br>_____<br><br>[Attach additional page as necessary to list all parties] | ■ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br><br>Non-Custodial Parent:<br>_____<br><br>Presumed Father:<br>_____ |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| | Civil | | | Family Law | |
|---|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>■ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |

| | | | Other Family Law | Parent-Child Relationship |
|---|---|---|---|---|
| | | | ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☒ Over $100,000 but not more than $200,000<br>
☐ Over $200,000 but not more than $1,000,000<br>
☐ Over $1,000,000

Rev 2/13



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1610 6053 7716 34

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Robert Chapa
1015 Cat Mesa
San Antonio, TX. 78251

PRIVATE PROCESS



Case Number: 2016-CI-14666

2016CI14666  S00001

**GABRIELA A GARZA**
**VS.**
**STATE FARM LLOYDS ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION .

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS

9-1-16
Robert Chapa

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF AUGUST A.D., 2016.

PETITION

JACOB ROGIERS          .
ATTORNEY FOR PLAINTIFF
1350 NE LOOP 1604 104
SAN ANTONIO, TX 78232-1368



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz,* Deputy

CRT

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____
OR:  VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant          FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2016-CI-14666

2016CI14666  S00001

GABRIELA A GARZA
vs.
STATE FARM LLOYDS ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF AUGUST A.D., 2016.

PETITION

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
1350 NE LOOP 1604 104
SAN ANTONIO, TX 78232-1368

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz*, Deputy

OFFICER'S RETURN

I received this citation on 9-1-16 at 9:05 o'clock ___M. and:(✓) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant, State Farm Lloyds certified mail Corporation Service Company in person on the 6 of September, 2016 at 6:32 o'clock P.M. at 211 E 7th St. #620, Austin, Tx 78701 or ( ) not executed because _____ Fees:_____ Badge/PPS #: SCH 7801
Date certification expires: 11-30-16

_____ Travis _____ County, Texas

By: _____

OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is Robert Chapa , my date of birth is 11-19-63 , and my address is 1015 cat most, San Antonio, TX 78255 , Bexar (County). I declare under penalty of perjury that the foregoing is true and correct. Executed in Bexar County, State of Texas, on the 14 day of September, 2016.

_____
Declarant          RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

English        Customer Service        USPS Mobile                                Register / Sign In

≋*USPS.COM®*

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›



Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70151660000065327207

## Product & Tracking Information

Postal Product:
First-Class Mail®

Features:
Certified Mail™        Return Receipt

See tracking for related item: 9590940216106053771610

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| September 6, 2016 , 6:32 am | Delivered | AUSTIN, TX 78744 |

Your item was delivered at 6:32 am on September 6, 2016 in AUSTIN, TX 78744.

| | | |
|---|---|---|
| September 3, 2016 , 10:59 am | Business Closed | AUSTIN, TX 78760 |
| September 3, 2016 , 10:00 am | Arrived at Unit | AUSTIN, TX 78744 |
| September 3, 2016 , 8:23 am | Out for Delivery | AUSTIN, TX 78701 |
| September 3, 2016 , 8:13 am | Sorting Complete | AUSTIN, TX 78701 |
| September 3, 2016 , 7:57 am | Departed USPS Facility | AUSTIN, TX 78710 |
| September 2, 2016 , 12:48 pm | Arrived at USPS Facility | AUSTIN, TX 78710 |
| September 1, 2016 , 9:43 pm | Departed USPS Facility | SAN ANTONIO, TX 78284 |
| September 1, 2016 , 8:41 pm | Arrived at USPS Facility | SAN ANTONIO, TX 78284 |
| September 1, 2016 , 7:15 pm | Departed Post Office | SAN ANTONIO, TX 78232 |
| September 1, 2016 , 3:23 pm | Acceptance | SAN ANTONIO, TX 78232 |

## Track Another Package

Tracking (or receipt) number

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



DOCUMENT SCANNED AS FILED

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds
Corporation Service Company
211 E 7th Street, # 620
Austin, TX 78701

9590 9402 1610 6053 7716 10

2. Article Number (Transfer from service label)
7015 1660 0000 6532 7207

PS Form 3811, July 2015 PSN 7530-02-000-9053   SCANNED AS FILED   Domestic Return Receipt

# COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ Chris Setzer
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
SEP 06 2016

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1610 6053 7716 10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Robert Chapa
1015 Cat Mesa
San Antonio, TX. 78251

PRIVATE PROCESS

Case Number: 2016-CI-14666

2016CI14666  S00002

GABRIELA A GARZA

VS.

STATE FARM LLOYDS ET AL

(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: DUSTIN GRIFFIN

9-1-16

Debra + Chapa

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF AUGUST A.D., 2016.

PETITION

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
1350 NE LOOP 1604 104
SAN ANTONIO, TX 78232-1368



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz,* Deputy

CRT

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant        FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dustin Griffin
529 County Rd 335
La Vernia, Tx 78121

9590 9402 1610 6053 7716 27

2. Article Number (Transfer from service label)

7015 1660 0000 6532 7214

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

9|13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015    Domestic Return Receipt

DOCUMENT 90-9 SCANNED AS FILED

English        Customer Service        USPS Mobile                                    Register / Sign In

**USPS.COM**

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›



Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70151660000065327214

On Time
Updated Delivery Day: Saturday, September 3, 2016

## Product & Tracking Information

Postal Product:          Features:
First-Class Mail®        Certified Mail™          Return Receipt

                         See tracking for related item: 9590940216106053771627

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| September 3, 2016 , 10:15 am | Delivered, Left with Individual | LA VERNIA, TX 78121 |

Your item was delivered to an individual at the address at 10:15 am on September 3, 2016 in LA VERNIA, TX 78121.

| | | |
|---|---|---|
| September 3, 2016 , 7:44 am | Arrived at Unit | LA VERNIA, TX 78121 |
| September 2, 2016 , 4:43 pm | Departed USPS Facility | SAN ANTONIO, TX 78284 |
| September 1, 2016 , 8:41 pm | Arrived at USPS Facility | SAN ANTONIO, TX 78284 |
| September 1, 2016 , 7:15 pm | Departed Post Office | SAN ANTONIO, TX 78232 |
| September 1, 2016 , 3:23 pm | Acceptance | SAN ANTONIO, TX 78232 |

## Track Another Package

Tracking (or receipt) number

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2016-CI-14666

2016CI14666  S00002

GABRIELA A GARZA
VS.
STATE FARM LLOYDS ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: DUSTIN GRIFFIN



FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2016 SEP 16  A 10: 33
DEPUTY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF AUGUST A.D., 2016.

PETITION

CRT

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
1350 NE LOOP 1604 104
SAN ANTONIO, TX 78232-1368



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz*, Deputy

---

OFFICER'S RETURN

I received this citation on _9-1-16_ at _9:05_ o'clock _A_ M. and:( ✓ ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant, _Dustin Griffin_ ~~certified mail~~ ~~in person~~ on the _3rd of September, 2016_ at _10:15_ o'clock _A_ M. at: _529 County Rd 339, La Vernia, TX 78121_ or ( ) not executed because _____ Fees: _____ ~~Badge~~ PPS #: _SCH 7801_
Date certification expires: _11-30-16_

_Wilson_ County, Texas

By: _Robert Chapa_

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _Robert Chapa_, my date of birth is _11-19-63_, and my address is _1015 Cat Mesa, San Antonio, Tx 78251_, _Bexar_ (County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _Bexar_ County, State of Texas, on the _14th_ day of _September_, 20_16_.

_Robert Chapa_

Declarant

RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING NO.

9590 9402 1610 6053 7716 27

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Robert Chapa
1015 Cat Mesa
San Antonio, TX. 78251

PRIVATE PROCESS

Case Number: 2016-CI-14666

2016CI14666   S00003

**GABRIELA A GARZA**
**VS.**
**STATE FARM LLOYDS ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MARTY OTTERSEN

9-1-16

Robert Chapa

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF AUGUST A.D., 2016.

PETITION

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
1350 NE LOOP 1604 104
SAN ANTONIO, TX 78232-1368



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz,* Deputy

CRT

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____
OR:   VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant          FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

Case Number: 2016-CI-14666

2016CI14666   S00003

GABRIELA A GARZA

VS.

STATE FARM LLOYDS ET AL

(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407TH JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: MARTY OTTERSEN



"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 30th day of August, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 30TH DAY OF AUGUST A.D., 2016.

PETITION

JACOB ROGIERS
ATTORNEY FOR PLAINTIFF
1350 NE LOOP 1604 104
SAN ANTONIO, TX 78232-1368



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz*, Deputy

---

**OFFICER'S RETURN**

I received this citation on ___9-1-16___ at ___9:05___ o'clock ___M. and:(✓) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant, ~~certified mail~~ Marty Ottersen ~~in person~~ on the ___6th of September, 2016___ at ___1:44___ o'clock __P__ M. at: __653 Holly Pt., Fenton, Michigan, 48430__ or ( ) not executed because _____ Fees:_____ ~~Badge~~/PPS #: __SCH7801__

Date certification expires: ___11-30-16___

___Genesee___, County, ~~Texas~~ Michigan

By: _____

OR:   VERIFICATION   OF   RETURN   (If  not  served  by  a  peace  officer)  SWORN  TO  this
_____.

_____

NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is __Robert Chapa__, my date of birth is __11-19-63__, and my address is __1015 Catmosa San Antonio TX 78251__, __Bexar__ (County). I declare under penalty of perjury that the foregoing is true and correct. Executed in __Bexar__ County, State of Texas, on the __14th__ day of __September__, 20__16__.

_____
Declarant                    RETURN TO COURT (DK002)

**DOCUMENT SCANNED AS FILED**

English          Customer Service          USPS Mobile                                        Register / Sign In

**≥USPS.COM**®

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›



Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: 70151660000065327221

Expected Delivery Day: Tuesday, September 6, 2016

## Product & Tracking Information

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™          Return Receipt

See tracking for related item: 9590940216106053771634

**Available Actions**

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| September 6, 2016 , 1:44 pm | Delivered, Left with Individual | FENTON, MI 48430 |

Your item was delivered to an individual at the address at 1:44 pm on September 6, 2016 in FENTON, MI 48430.

| | | |
|---|---|---|
| September 5, 2016 , 9:06 pm | Departed USPS Destination Facility | PONTIAC, MI 48340 |
| September 4, 2016 , 3:59 pm | Arrived at USPS Destination Facility | PONTIAC, MI 48340 |
| September 1, 2016 , 11:55 pm | Departed USPS Origin Facility | SAN ANTONIO, TX 78284 |
| September 1, 2016 , 8:41 pm | Arrived at USPS Origin Facility | SAN ANTONIO, TX 78284 |
| September 1, 2016 , 7:15 pm | Departed Post Office | SAN ANTONIO, TX 78232 |
| September 1, 2016 , 3:23 pm | Acceptance | SAN ANTONIO, TX 78232 |

## Track Another Package

Tracking (or receipt) number

[                                                      ]          Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



DOCUMENT SCANNED AS FILED

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marilyn Ostrander
653 Holly Pt.
Fenton, MI 48430

9590 9402 1610 6053 7716 34

2. Article Number (Transfer from service label)

7015 1660 0000 6532 7221

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   George Buell                  9/6/16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

DOCUMENT 1-3 SCANNED AS FILED

## CAUSE NO. 2016CI14666

| | | |
|---|---|---|
| **GABRIELA AGUILAR GARZA,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **407TH JUDICIAL DISTRICT** |
| **STATE FARM LLOYDS, DUSTIN** | § | |
| **GRIFFIN AND MARTY OTTERSON,** | § | |
| **Defendants.** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANTS STATE FARM LLOYDS, DUSTIN GRIFFIN AND MARTY OTTERSON'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME State Farm Lloyds, Dustin Griffin and Marty Otterson alleged to be Defendants in this cause, and files this Original Answer in response to the Petition submitted by the above-named Plaintiff. Without waiving any of their rights or defenses relating to the policy of insurance under which Plaintiff purports to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, requirements, and other policy terms now or later arising, Defendants respond to Plaintiff's Original Petition as follows:

## GENERAL DENIAL

Subject to such stipulations and admissions as may hereinafter be made, Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully request that Plaintiffs be required to prove the charges and allegations made against Defendants by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## DEMAND FOR JURY

Defendants respectfully demand a trial by jury.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants State Farm Lloyds, Dustin Griffin and Marty Otterson respectfully pray that Plaintiff take nothing by reason of this lawsuit. Defendants further pray for additional and further relief to which they may show themselves to be justly entitled, at law or in equity.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**


By:   /s/ *Ray R. Ortiz*
   Ray R. Ortiz
   State Bar No. 15324280
   Jonathan Law
   State Bar No. 24028656
10100 Reunion Place, Suite 600
San Antonio, Texas  78216
210/344-3900 Telephone
210/366-4301 Facsimile
ray@jao-law.com
jon@jao-law.com
rrosupport@jao-law.com
**ATTORNEYS FOR DEFENDANTS,**
**STATE FARM LLOYDS, DUSTIN GRIFFIN AND**
**MARTY OTTERSON**


## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Civil Procedure, on the 27th day of September, 2016 the above and foregoing instrument was served upon the following counsel of record via e-service:

Jake Rogiers
Speights & Worrich
1350 NE Loop 1604, Suite 104
San Antonio, Texas 78232


/s/ *Ray R. Ortiz*
Ray R. Ortiz/Jonathan Law

2